**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MILLVILLE QUARRY, INCORPORATED,
<u>Plaintiff-Appellant,</u>

v.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,
<u>Defendant-Appellee.</u>

No. 99-2169

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CA-98-4-3)

Argued: April 7, 2000

Decided: July 20, 2000

Before MOTZ, Circuit Judge, Samuel Grayson WILSON,
Chief United States District Judge for the
Western District of Virginia, sitting by designation, and
Gerald Bruce LEE, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Howard Gary Goldberg, GOLDBERG, PIKE &
BESCHE, P.C., Baltimore, Maryland, for Appellant. James William
Logan, Jr., LOGAN, JOLLY & SMITH, L.L.P., Anderson, South

Carolina, for Appellee. **ON BRIEF:** Curtis G. Power, III, BOWLES, RICE, MCDAVID, GRAFF & LOVE, Martinsburg, West Virginia, for Appellant. James D. Jolly, Jr., Michael T. Smith, LOGAN, JOLLY & SMITH, L.L.P., Anderson, South Carolina; Walter M. Jones, III, MARTIN & SEIBERG, L.C., Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Millville Quarry, Inc. ("Millville") appeals an order of summary judgment in favor of its insurer, Liberty Mutual Fire Insurance Company ("Liberty"). The district court's final judgment order expressly dismissed all claims with prejudice, struck the matter from the court's active docket, and provided that "in the event that settlement [was] not finalized, any party [could] move to reopen" the case within ninety days. Neither party raised the question of whether this appeal is interlocutory. We raised the question sua sponte during oral argument. We conclude that we have jurisdiction, vacate the dismissal with prejudice, and remand for further proceedings.

I.

Millville owns and operates a quarry in Millville, West Virginia. It constructed a platform to support water pumps for removing water that naturally accumulates at the bottom of its quarry. Liberty issued a policy to Millville. The quarry is a "covered location," and the platform and pumps are "covered property" under the policy. In April 1997, water began entering the Millville quarry through a sidewall and through the quarry floor. Eventually, the water level rose to eighty-five feet above the quarry floor, sixty-five feet above the platform and pumps. Millville mounted pumps on a pump barge and

2

installed piping in order to pump water into the nearby Shenandoah River. Although the makeshift pumping operation exceeded the pumping capacity of the inundated platform and pumps, it was insufficient to lower the water level below them so that it could resume normal quarrying and pumping operations.

In May 1997, Millville submitted its first installment of costs on its flood claim, $178,016.30, and Liberty advanced Millville $250,000. In July 1997, Millville submitted a second installment of pumping costs, $556,659, and Liberty advanced $200,000. Liberty advanced these amounts under the "additional expense" coverage of the policy.

Millville retained experts who determined that the water was entering the quarry from the Shenandoah River through a series of underground conduits. Despite adding a second pumping barge, Millville still was unable to lower substantially the water level. So to resume normal quarrying operations, Millville began costly grouting operations to seal the underground conduits from the Shenandoah River. Millville maintained that the "additional expense" provision of the policy covered those operations and all related expenses. Liberty agreed to pay the value of the replacement pumps once Millville documented that value but maintained that the grouting operations were not covered. Millville then commenced this diversity action for damages.

On cross-motions for summary judgment, the district court determined that the quarry was a "covered location," that the pumps were "covered property," and that the flood was a"covered cause of loss." The court determined that Millville was entitled to recover the value of the pumps, but left that value undetermined. The court expressly concluded, however, that the "additional expense" provisions of the policy did not cover the grouting operations because the additional expense provisions covered only "those additional expenses necessary to attempt to recover those permanent pumps" and the cost of substitute pumps for a reasonable time until Millville could replace the inundated pumps. Thus, the grouting operation did not qualify as an "additional expense" because its purpose "was to prevent further inflow of water into the quarry," not to recover"covered property."

The court concluded that it should enter summary judgment for Liberty, noting that Liberty "is obligated to pay additional expense

3

coverage under the terms of the policy only for those actual and necessary expenses [Millville] incurred as a result of the loss of the pumps and platform, rock inventory, and damage to the graded road." However, the district court did not quantify those amounts.

Millville moved to clarify or amend the court's memorandum opinion and order. The motion noted that the parties engaged in mediation after the court's memorandum opinion and order in an attempt "to resolve the issues left open by the Court" (emphasis added) but that the parties "disagreed upon the meaning or interpretation of the Court's opinion." The court denied the motion and ordered the following:

> 1. That plaintiff's motion to clarify or amend memorandum opinion and order dated March 29, 1999 (Docs. No. 48) be DENIED as more fully set forth above;
>
> 2. That action and all claims asserted herein are DISMISSED with prejudice;
>
> 3. That in the event that settlement is not finalized, any party may move to reopen the case, provided that such motion is filed within ninety (90) days of the date of this Order;
>
> 4. That there remaining nothing further to consider herein, this matter is STRICKEN from the Court's active docket;
>
> 5. That all remaining deadlines, including the trial date be REMOVED from the court's calendar.

On the same day, July 30, 1999, the court entered its order, the clerk prepared, signed, and entered the judgment on a separate document as required by Federal Rule of Civil Procedure 58, and, on August 13, 1999, Millville appealed. Nearly three months later, on October 26, 1999, the district court entered the following order:

> Upon consideration of the Motion to Reopen Case and to Stay Proceedings filed by the plaintiff, and any opposition thereto, It is this 26th day of October, 1999, ORDERED:

4

1. That the above case shall and hereby is reopened and the proceedings are stayed until after receipt of a mandate from the United States Court of Appeals for the Fourth Circuit.**1**

## II.

We find the procedural posture of this case problematic. The district court failed to resolve all claims, yet it expressly dismissed all claims with prejudice, purportedly leaving a ninety day window to reopen. We find this problematic because either the self-styled "final judgment" is indeed a final judgment which finally determines all matters in dispute, or it is not a final judgment, and therefore not subject to appeal except on an interlocutory basis. See 28 U.S.C. §§ 1291, 1292; Catlin v. United States, 324 U.S. 229, 233 (1945) ("A `final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). We conclude that because the order dismisses plaintiff's claims with prejudice, it is a final order that is subject to appeal. Therefore, consistent with Federal Rule of Civil Procedure 59, the district court could not reopen the case after ten days even though the district court expressly reserved that right. See Fed. R. Civ. P. 6(b) ("[The district court] may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (e), 60(b), and 74(a), except under the conditions stated in them.").**2**

A district court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). In the absence of that determination and direction, an order that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties "however designated" is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights

---

**1** The only docket entry before us reflecting a motion to reopen is the docket entry for Millville's June 9, 1999, motion to clarify or amend the district court's March 29, 1999, memorandum opinion and order.

**2** We do not address the circumstances that would justify relief from such a judgment under Federal Rule of Civil Procedure 60.

and liabilities of all the parties." <u>Id.</u> Therefore, such an order is not a final judgment.**3**

The judgment from which Millville appeals stands in sharp contrast to a decision that is subject to revision at any time. Although the district court recognized that it had not decided all issues raised by the pleadings, the judgment it entered nevertheless adjudicated all claims because it dismissed all claims and the action with prejudice.**4** Accordingly, the judgment in this case is a final judgment under Federal Rule of Civil Procedure 54(b), and the district court could revise it only if it did so within ten days or following a timely motion under Rule 59 to alter, amend, or reconsider. For the same reason, we conclude that we have jurisdiction to hear the appeal under 28 U.S.C. § 1291, which gives us jurisdiction over final decisions of the district courts.

_____

**3** The finality rule is a "historic characteristic of federal appellate procedure," <u>Cobbledick v. United States</u>, 309 U.S. 323, 324 (1940), that advances the important interest of avoiding piecemeal review of ongoing district court proceedings. <u>See United States v. Nixon</u>, 418 U.S. 683, 690 (1974); <u>MDK v. Mike's Train House</u>, 27 F.3d 116, 119 (4th Cir. 1994). Such piecemeal review would not only delay the ultimate resolution of disputes by spawning multiple appeals, <u>see Firestone Tire & Rubber Co. v. Risjord</u>, 449 U.S. 368, 374 (1981), it would also "undermine the independence of the district judge" in conducting court proceedings. <u>Id.</u> The finality rule "thus serves twin purposes. It both avoids the `enfeebling [of] judicial administration' that comes with undue delay, and preserves the primacy of the district court as the arbiter of the proceedings before it." <u>MDK</u>, 27 F.3d at 119 (quoting <u>Cobbledick</u>, 309 U.S. at 325).

**4** <u>See</u>, <u>e.g.</u>, <u>Larkin v. Wray</u>, 189 F.3d 729, 732 (8th Cir. 1999) ("When the parties to a previous lawsuit agree to dismiss a claim with prejudice, such a dismissal constitutes a `final judgment on the merits' for purposes of <u>res judicata</u>"); <u>Randolph v. Green Tree Financial Corp.</u>, 178 F.3d 1149, 1157 (11th Cir. 1999) (order compelling arbitration and dismissing the remaining claims with prejudice is an appealable "final decision"); <u>Chase Manhattan Bank, N.A. v. Celotex Corp.</u>, 56 F.3d 343, 345 (2d Cir. 1995); <u>Brooks v. Barbour Energy Corp.</u>, 804 F.2d 1144, 1146 (10th Cir. 1986). <u>Compare Bailey v. McCann</u>, 539 F. 2d 501 (5th Cir. 1976) (a dismissal <u>without prejudice</u> in which the court reserves the right to reopen upon motion of a party is not a final judgment).

We reach this decision because we conclude that in an action for damages a district court cannot retain jurisdiction to alter or amend a final judgment unless it does so in conformity with Federal Rule of Civil Procedure 59. That rule provides that "[a]ny motion to alter or amend the judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). The rule applies with equal force to a <u>sua sponte</u> motion, and the district court cannot circumvent it by reserving a longer period in the final judgment order.**5** If the district court desires to grant the parties additional time to move to alter, amend or reconsider its rulings it should not dismiss those claims with prejudice.

Were we to reach any other conclusion we would be injecting uncertainty and peril into the final judgment rule. Finality for appellate purposes would be a moving target, the question of when the notice of appeal must be filed uncertain, and much of Rule 59 rendered meaningless.**6**

_____

**5** Our decision does not implicate the authority of the district court to reserve expressly the right to reopen a case that it dismisses following a tentative settlement if the parties fail to consummate that settlement. <u>See Choice Hotels International, Inc. v. Goodwin and Boone</u>, 11 F.3rd 469 (4th Cir. 1993). Before the district court dismissed this case, however, the parties informed it that they had <u>not</u> reached an agreement. Thus, the dismissal was not an appropriate conditional dismissal under Federal Rule of Civil Procedure 41.

**6** The question of which court has jurisdiction to take action demands clarity. Jurisdictional clarity not only protects the parties from confusion that prejudices appellate rights, <u>see Caperton v. Beatrice Pocahontas Coal Co.</u>, 585 F.2d 683, 690-91 (4th Cir. 1978) (discussing separate document rule), but it avoids costly duplication of effort. The dual tracking of this case is a case in point. Millville filed its notice to appeal on August 13, 1999. Yet, nearly three months later, while the case was pending in this court, the District Court purported to reopen the case presumably pursuant to the authority it purported to reserve in its final judgment order. But, except to rule on a timely motion under Rule 59, and for other narrowly proscribed exceptions, <u>see Fobian v. Storage Technology Corp.</u>, 164 F.3d 887, 888-92 (4th Cir. 1999) (discussing circumstances under which a district court may entertain a Rule 60(b) motion during pendency of appeal), the district court lost jurisdiction when Millville filed its timely notice of appeal. <u>See Griggs v. Provident Consumer</u>

7

Moreover, were we to dismiss this appeal as interlocutory we would be overlooking the serious res judicata claims a dismissal with prejudice creates. Accordingly, we will not dismiss the appeal as interlocutory. That is not to say, however, that we will decide the merits. If we did so, we would be fostering piecemeal litigation and making findings that the district court should have made but failed to make because it erroneously believed it could reopen its purported final judgment. "When an appellate court discerns that a district court has failed to make a finding because of an erroneous view of the law, the usual rule is that there should be a remand for further proceedings to permit the trial court to make the missing findings." Pullman-Standard v. Swint, 456 U.S. 273, 291 (1982); see also Columbus-America Discovery Group v. Atlantic Mutual Ins. Co. , 56 F.3d 556, 575-76 (4th Cir. 1995) ("It is a basic tenet of our legal system that, although appellate courts often review facts found by a judge or jury to ensure that they are not clearly erroneous, they do not make such findings in the first instance."). Accordingly, we will not reach the merits of this appeal.

III.

For the reasons stated, we vacate the judgment of the district court and remand this case for a complete resolution.

VACATED AND REMANDED

_____

Discount Co., 459 U.S. 56, 58 (1982) (an appeal divests a trial court of jurisdiction over "those aspects of the case involved in the appeal"); In re Grand Jury Proceedings Under Seal, 947 F.2d 1188, 1190 (4th Cir. 1991).

8