**In re QWEST COMMUNICATIONS IN-TERNATIONAL, INC. SECURI-TIES LITIGATION.**

Lawrence Troch, Derivatively on Behalf of Qwest Communications International, Inc., Plaintiff,

v.

Philip F. ANSCHUTZ, Joseph P. Nacchio, Linda G. Alvarado, Craig R. Barrett, Hank Brown, Thomas J. Donohue, Jordan L. Haines, Cannon Y. Harvey, Peter S. Hellman, Vinod Khosla, Marilyn Carlson Nelson, Frank P. Popoff, Craig D. Slater, W. Thomas Stephens, Robin R. Szeliga, Robert S. Woodruff, Stephen M. Jacobsen, Drake S. Tempest, Marc B. Weisberg, James A. Smith and Lewis O. Wilks, Defendants,

and

Qwest Communications International, Inc., Nominal Defendant.

Nos. CIV.A. 01–RB–1451, CIV.A. 01–RB–1472, CIV.A. 01–RB–1527, CIV.A. 01–RB–1616, CIV.A. 01–RB–1799, CIV.A. 01–RB–1930, CIV.A. 01–RB–2083, CIV.A. 02–RB–333, CIV.A. 02–RB–374, CIV.A. 02–D–507, CIV.A. 02–RB–658, CIV.A. 02–RB–0754, CIV.A. 02–RB–0798.

United States District Court, D. Colorado.

Sept. 8, 2004.

Marc L. Ackerman, Scott & Scott, LLC, F. James Donnelly, F. James Donnelly, PC, Greenwood Village, CO, David Randall Scott, David R. Scott, Attorney at Law, Colchester, CT, Michael J. Dowd, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Diego, CA, for plaintiff.

Terence C. Gill, Dnver, CO, Jesus Manuel Vazquez, Jr., Rothgerber, Johnson & Lyons, Denver, CO, for defendants.

## DISMISSAL ORDER

BLACKBURN, District Judge.

THIS MATTER, having come before the Court on the Derivative Plaintiff's Unopposed Motion to Dismiss all Claims, filed August 30, 2004, and the Court having fully considered this matter, Orders as follows:

1. This is a derivative action in which the plaintiff Lawrence Troch ("Derivative Plaintiff") purports to assert claims on behalf of Qwest Communications International Inc. ("Qwest") against certain present and former directors and officers of Qwest. In addition to this action filed in federal court, substan-

tially similar derivative actions were filed in state courts in Colorado (the "Colorado Derivative Action")[1] and Delaware (the "Delaware Derivative Action")[2] (collectively, the "State Court Derivative Actions") against Philip F. Anschutz, Joseph P. Nacchio, Linda G. Alvarado, Craig R. Barrett, Hank Brown, Thomas J. Donohue, Jordan L. Haines, Cannon Y. Harvey, Peter S. Hellman, Vinod Khosla, Marilyn Carlson Nelson, Frank P. Popoff, Craig D. Slater, W. Thomas Stephens, Robin R. Szeliga, Robert S. Woodruff, Stephen M. Jacobsen, Drake S. Tempest, Marc B. Weisberg, James A. Smith, Lewis O. Wilks, and Afshin Mohebbi (the "State Court Derivative Defendants")[3].

2. On February 17, 2004, the parties to the State Court Derivative Actions entered into a Stipulation of Settlement which was preliminarily approved by Judge Lawrence A. Manzanares, the presiding judge in the Colorado Derivative Action, on February 17, 2004 (the "Preliminary Order").

3. Notice of the settlement reflected in the Stipulation of Settlement and Preliminary Order, which included notice of the proposed dismissal of this action, was provided to all shareholders of Qwest.

4. On June 14, 2004, Derivative Plaintiff and all parties to the State Court Derivative Actions entered into a Supplemental Stipulation of Settlement. Pursuant to that Supplemental Stipulation of Settlement, Derivative Plaintiff joined with all parties to the Stipulation of Settlement in the settlement of the derivative claims brought on behalf of Qwest.

5. On June 15, 2004, Judge Manzanares held a hearing to consider the fairness of the settlement reflected in the Stipulation and Supplemental Stipulation of Settlement (collectively, the "Settlement"). Following that hearing, on June 25, 2004, Judge Manzanares issued an Order and Final Judgment, *nunc pro tunc* to June 15, 2004, approving the Settlement.

6. On August 19, 2004, the Delaware Chancery Court dismissed the Delaware Derivative Action with prejudice on the grounds of *res judicata* and estoppel by judgment.

7. This action asserts substantially the same claims as those which were pending in the State Court Derivative Actions against the State Court Derivative Defendants. As a result of the settlement and dismissal of the State Court Derivative Actions, the asserted claims have been adjudicated on the merits, and finally and fully settled and released. *See, e.g., Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir.1999) (*res judicata*, or claim preclusion, requires (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits); *see also, e.g., Brooks v. Barbour Energy Corp.*, 804 F.2d 1144, 1146 (10th Cir. 1986) (voluntary dismissal with prejudice based upon order of court and based on settlement agreement is a judgment on the merits and is *res judicata* as to lawsuits on the same transactions or occurrences).

8. Fed.R.Civ.P. 41(a) permits a party to voluntarily dismiss an action at any time before service by the adverse party of an answer or motion for a summary judgment, whichever occurs first. Defendants to this action have not served answers or motions for summary judgment in connection with this action.

Accordingly, IT IS HEREBY ORDERED, as follows:

Pursuant to Fed.R.Civ.P. 41(a), the Court dismisses this action *with prejudice* as to defendants Philip F. Anschutz, Joseph P. Nacchio, Linda G. Alvarado, Craig R. Barrett, Hank Brown, Thomas J. Donohue, Jordan L. Haines, Cannon Y. Harvey, Peter S. Hellman, Vinod Khosla, Marilyn Carlson Nelson, Frank P. Popoff, Craig D. Slater, W. Thomas Stephens, Robin R. Szeliga, Robert S. Woodruff, Stephen M. Jacobsen, Drake S.

---

1. *Veideman v. Mohebbi, et al.*, Civil Action No. 02–CV–02141, consolidated with *Strauss v. Anschutz, et al.*, Case No. 02–CV–8188.

2. *Stone v. Nacchio, et al.*, CA19873, consolidated with *Klein v. Notebaert*, Case No. CA19826–NC.

3. This action also involves various claims purportedly asserted against Jack B. Grubman, Citigroup Global Markets, Inc. f/k/a Salomon Smith Barney Inc., Citigroup Global Market Holdings, Inc. and Citigroup Inc., who are not named as parties in the State Court Derivative Actions.

Tempest, Marc B. Weisberg, James A. Smith, Lewis O. Wilks, Afshin Mohebbi, and nominal defendant Qwest Communications International Inc.; and

The Court dismisses this action *without prejudice* as to putative defendants Jack B. Grubman, Citigroup Global Markets, Inc. f/k/a Solomon Smith Barney Inc., Citigroup Global Market Holdings, Inc. f/k/a Solomon Smith Barney Holdings, Inc., and Citigroup Inc. who are not parties to the Settlement.