**F I L E D**

**PUBLISH**

**July 7, 2005**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BARBARA BAILEY,

      Plaintiff-Appellee,

v.

STATE FARM FIRE AND
CASUALTY COMPANY and STATE
FARM GENERAL INSURANCE
COMPANY,

      Defendants-Appellants.

No. 04-6165

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 00-CV-1239-R)**

---

Richard C. Ford (Harvey D. Ellis, Jr., Leanne Burnett, Rustin J. Strubhar, and
Mary H. Tolbert with him on the briefs) of Crowe & Dunlevy, Oklahoma City,
Oklahoma, for Defendants-Appellants.

George D. Davis of McKinney & Stringer, P.C. (Ronald L. Walker of McKinney
& Stringer, P.C.; Reggie N. Whitten and Jason E. Roselius of Whitten, Nelson,
McGuire, Wood, Terry, Roselius & Dittrich, with him on the brief), Oklahoma
City, Oklahoma, for Plaintiff-Appellee.

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

**McKAY**, Circuit Judge.

Ms. Bailey brought a claim on behalf of herself and "thousands of Oklahoma homeowners whose claims for covered damage to their dwellings were intentionally under-adjusted . . . ." Aplt. App., Vol. I, at 20. However, the district court denied Ms. Bailey's motion to certify the class and ultimately granted Defendants summary judgment on an unrelated issue. Ms. Bailey appealed. While the case was pending on appeal, the parties settled, and on March 3, 2003, the district court granted the parties' stipulated motion to dismiss with prejudice.

Since the dismissal of this case, others have brought similar[1] claims against Defendants in both federal and state courts. The issue of class certification has arisen in those lawsuits but has never been decided. In *Brooks v. State Farm Fire and Cas. Co.*, CIV-01-783-R (D. Okla. April 19, 2002), Defendants sought to strike the plaintiffs' allegation of class status because it was duplicative of the class issue previously decided in this case. The federal district court judge who also presided over this case denied Defendants' request because "the Court cannot say that the Court's denial of class certification in *Bailey* dictates the outcome of a motion for class certification in this case, if such a motion is made." Aplt.

---

[1]Although the parties dispute whether the claims brought in other cases are materially similar to those brought in this case, our use of the word "similar" is for convenience in drafting this opinion and not meant as a ruling on the argument.

App., Vol. III, Tab 1, at 304.

In another somewhat related state case, *Billingsley v. State Farm Fire and Cas. Co.*, CJ-2002-930 (Dist. Ct. of Comanche County Jan. 31, 2003), Defendants moved to dismiss the plaintiffs' lawsuit because, *inter alia*, they could not state a claim upon which relief could be granted. Defendants argued that the plaintiffs could not state a claim because their claim depended on class certification, which the *Bailey* order barred. The state court denied Defendants' motion, and the plaintiffs sought class certification. The state court has not yet resolved that issue.

More than one year after the state court denied the motion to dismiss in *Billingsley*, Defendants brought a motion in this case requesting that the district court re-open the case to issue a permanent injunction barring other courts from addressing the issue of class certification in "related" lawsuits. Defendants were specifically concerned with the ongoing litigation in *Billingsley*. In ruling on Defendants' motion, the district court, also concerned with the amount of litigation that had already occurred in *Billingsley*, denied Defendants' motion on comity grounds.

We agree with the parties that our review of the district court's action is for abuse of discretion. "Under the abuse of discretion standard[,] a trial court's decision will not be disturbed unless the appellate court has a definite and firm

-3-

conviction that the . . . [trial] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (citation and quotation omitted). This occurs when the district court applies the wrong legal standard or "relies on clearly erroneous fact findings." *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998).

Defendants claim that, pursuant to the All Writs Act, 28 U.S.C. § 1651, and the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283, the district court was required by law to grant the requested injunction. The All Writs Act authorizes courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The relitigation exception to the Anti-Injunction Act "is designed to allow a federal court to enjoin state proceedings dealing with the same issues that it fully adjudicated on the merits." *Brooks v. Barbour Energy Corp.*, 804 F.2d 1144, 1146 (10th Cir. 1986).

The plain language of the All Writs Act establishes the permissive, non-mandatory, nature of the court's power to issue an injunction. *See* 28 U.S.C. § 1651(a) (stating that "courts . . . *may* issue all writs") (emphasis added). So too is the relitigation exception to the Anti-Injunction Act. *See Brooks*, 804 F.2d at 1146 (explaining that the Anti-Injunction act *allows* courts to issue injunctions in

certain circumstances). This already limited exception is to be narrowly construed; the relitigation exception should be limited "to those situations in which the state court has not yet ruled" on the preclusive effect of the federal judgment. *See id.* (quoting *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 524 (1986)).

To support their argument regarding the legal obligation of the district court to grant the requested injunction, Defendants rely on *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 333 F.3d 763 (7th Cir. 2003). In *Bridgestone/Firestone*, the defendants sought an injunction to prevent the plaintiffs from obtaining nationwide class certification in other forums because the federal court had denied certification earlier. 333 F.3d at 765. The district court denied the request. On appeal, the Seventh Circuit held it an abuse of discretion for the district court not to enjoin "all members of the putative national classes, and their lawyers, from again attempting to have nationwide classes certified . . . ." *Id.* at 769. The court reasoned that "when federal litigation is followed by many duplicative state suits, it is sensible to handle the preclusive issue once and for all in the original case, rather than put the parties and state judges through an unproductive exercise." *Id.* at 766. The court was appropriately concerned with the potential discrepancies in the future state court rulings regarding the preclusive effect of the federal court's class-certification

order. *Id.* at 766-67.

Many of the principles articulated in *Bridgestone/Firestone* are sound. We agree that in some cases it is "sensible" to resolve the preclusion issue just once in order to give certainty to federal judgments. However, even in a case when it may be sensible to issue an injunction, it does not necessarily follow that refraining from so doing is an abuse of discretion. "[I]nefficient simultaneous litigation in state and federal courts on the same issue" is "one of the costs of our dual court system." *Parsons Steel, Inc.*, 474 U.S. at 524-25.

In this case, the district court's denial of Defendants' request to issue an injunction was based on "heightened comity concerns." Aplt. App., Vol. I, at 46. In other words, the district court acted out of respect for the work already performed by the state court. Defendants had actively litigated their case in the state court. Of significant import to the district court was Defendants' motion to dismiss the state case based on the district court's decision in this case denying class certification and the fact that Defendants continued litigating in the state court for over one year before it sought an injunction. *Id.*

Our case is similar to *Ramsden v. AgriBank, FCB*, 214 F.3d 865 (7th Cir. 2000). In *Ramsden*, the Seventh Circuit held that the district court abused its discretion by granting an injunction after the state court had ruled on the defendant's preclusion defense. 214 F.3d at 870-71. The court recognized that,

although "the state court's denial of summary judgment on the *res judicata* issue would not be regarded as sufficiently 'final' to warrant preclusive effect in another [state] court," other comity concerns rendered it an abuse of discretion to issue an injunction. *Id.* at 869. In this case, Defendants did not raise a *res judicata* defense. However, their motion to dismiss in *Billingsley*, where Defendants sought a dismissal of the case because of the federal court's prior ruling regarding class certification, was based on preclusion principles. *See* Aplt. App., Vol. IV, at 454-57 ("Plaintiffs' counsel were given a full and fair opportunity to litigate the issue of class certification before [the federal district court]. They were unsuccessful. There must be an end to their efforts to have a case not appropriate for class treatment certified nevertheless.").

Defendants occupied a significant amount of the state court's time in litigation before seeking relief from the federal system. Indeed, subsequent to the state court's denial of their motion to dismiss in *Billingsley*, and long after the dismissal of this case, Defendants continued litigating in the state court for more than a year before returning to the federal system to request an injunction. This amount of time is not insignificant. *See Ramsden*, 214 F.3d at 868 ("Because the relitigation exception bears on the delicate relationship between state and federal

courts, strict timing requirements cabin its invocation.").[2]

In addition, the fact that the district court had doubts about issuing an injunction supports our conclusion that it was not an abuse of discretion to refuse to do so. *See Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970) ("Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy."). Indeed, just because a district court can issue an injunction does not mean *a fortiori* that it is required to do so. The district court's decision was not "arbitrary, capricious, whimsical, or manifestly unreasonable . . . ." *See Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (quotation omitted).

AFFIRMED.

---

[2]While we find much in *Ramsden* with which we agree, we do not here adopt its view that it would be an abuse of discretion to grant an injunction in these circumstances. Such a decision is not necessary to this case and would, in the least, be premature.