**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

KENT VU PHAN,

    Plaintiff - Appellant,

v.

COLORADO LEGAL SERVICES,

    Defendant - Appellee.

_____

KENT VU PHAN,

    Plaintiff - Appellant,

v.

STATE FARM INSURANCE
COMPANY; KAISER PERMANENTE;
DR. PETER WEINGARTEN, M.D.; DR.
KHOI PHAM DUY, M.D.; PATTERSON
& SLAG, P.C.; BACHUS & SCHANKER,
LLC; HEALTH FIRST
COLORADO/MEDICAID AND
CHP+DHS; LUKE MEDICAL CENTER;
CONCENTRA URGENT CARE,

    Defendants - Appellees.

_____

No. 18-1307
(D.C. No. 1:18-CV-01403-LTB)
(D. Colo.)

No. 18-1343
(D.C. No. 1:17-CV-03073-LTB)
(D. Colo.)

## ORDER AND JUDGMENT[*]

_____

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral

_____

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

Pro se Plaintiff-Appellant Kent Vu Phan is no stranger to the courts—he has pursued eight appeals before us (two of which are addressed in this order and two more are coming down the pipeline (Nos. 18-1493, 18-1494)), at least eleven different cases in federal district court, and at least three state court cases that we are aware of. We are sensitive to Phan's pro se status, as well as his mental and physical health limitations, and have liberally construed his pleadings accordingly. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting we liberally construe pro se pleadings, stopping short of serving as a pro se litigant's advocate). But Phan is nevertheless bound by the Federal Rules of Civil Procedure. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002) (noting a plaintiff's "pro se status does not relieve him of the obligation to comply with procedural rules"). He cannot file repetitive or frivolous claims; yet he continues to do so. This time, Phan appeals dismissals in two district court cases: *Phan v. Colo. Legal Servs.*, No. 1:18-CV-01403-LTB (D. Colo. June 19, 2018), and *Phan v. State Farm Ins. Co.*, No. 1:17-CV-03073-LTB (D. Colo. July 31, 2018). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm both.

_____

estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

**STANDARD OF REVIEW**

Whenever a plaintiff seeks to proceed *in forma pauperis*, as Phan has done here, 28 U.S.C. § 1915(e)(2)(B) requires the district court judge to screen the complaint and dismiss it if "the action or appeal . . . is frivolous or malicious" or "fails to state a claim on which relief may be granted." We usually review a district court's dismissal of a complaint as frivolous for an abuse of discretion. *Milligan v. Archuleta*, 659 F.3d 1294, 1296 (10th Cir. 2011). But where "the frivolousness determination turns on an issue of law, we review the determination *de novo*." *Id.* (internal quotation marks omitted). A district court properly dismisses a complaint as frivolous "only if it lacks an arguable basis in either law or in fact. In other words, dismissal is only appropriate for a claim based on an indisputably meritless legal theory and the frivolousness determination cannot serve as a factfinding process for the resolution of disputed facts." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (citations and internal quotation marks omitted).

Moreover, to survive a § 1915 screening, each claim must include "enough facts to state claim for relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). When a district judge dismisses a complaint under § 1915 as failing to satisfy the pleading standards, our review is de novo. *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001). To determine plausibility, "[w]e must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation marks omitted). "Dismissal of a

pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

## CLAIMS AGAINST COLORADO LEGAL SERVICES

In the first appeal before us, Appellate Case No. 18-1307, Phan challenges the district court's dismissal of his claims against Colorado Legal Services (CLS). Phan contends CLS discriminated against him based on his disability and his race when it did not provide an attorney to represent him in two cases—a malpractice claim, and a suit against his realtor and homeowners' association (HOA). He thus asserts claims against CLS under the Americans with Disabilities Act (ADA), as amended by the ADA Amendments Act of 2008 (ADAAA), 42 U.S.C. § 12101 *et seq.*; the Rehabilitation Act, 29 U.S.C. §§ 504 and 794; and 42 U.S.C. §§ 1983 and 1981. In a thorough and cogent order, the district court dismissed Phan's complaint against CLS as legally frivolous in part and for failing to satisfy the pleading standards in part. We agree with the district court's analysis.

In pursuing his disability-based discrimination claim, Phan attempts to invoke Title II of the ADAAA, which prohibits discrimination in services offered by public entities. *See* 42 U.S.C. § 12132. To state a viable Title II claim, Phan "must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, or denial of benefits, or discrimination was by

4

reason of a disability." *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007). Similarly, to recover the compensatory damages Phan seeks under the Rehabilitation Act, he "must establish that the agency's discrimination was intentional." *Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1263 (10th Cir. 2018) (internal quotation marks omitted). Phan must also make plausible allegations of discrimination to recover in his race-based discrimination claims. Recovery under § 1981 for alleged racial discrimination requires Phan to show "the defendant had the intent to discriminate on the basis of race." *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1102 (10th Cir. 2001). By the same token, to state a viable equal-protection claim under § 1983, Phan "must first make a threshold showing that [he was] treated differently from others who were similarly situated." *Brown v. Montoya*, 662 F.3d 1152, 1173 (10th Cir. 2011) (internal quotation marks omitted). As the district court correctly concluded, Phan has failed to do so in all claims against CLS.

CLS's decision to decline representation in both of Phan's cases was mandated by federal law—because CLS is a legal-service provider funded in part by the Legal Services Corporation, it is expressly prohibited by 42 U.S.C. § 2996f(b)(1) from providing legal assistance in fee-generating cases. CLS explained this in its letter to Phan declining representation in the malpractice case, stating that it "do[es] not have any attorneys that help with malpractice cases" because a malpractice claim "is a fee-generating case." No. 18-1307 R. at 12 (Compl. Ex. 1). CLS also explained this to Phan when declining to represent him in his suit against his realtor and HOA "because it could be fee-generating" and CLS is "not allowed to help [a litigant] sue

5

another person or company for damages or help [a litigant] collect a debt." *Id.* at 14 (Compl. Ex. 3).

Phan has utterly failed to allege any facts that would suggest he was treated differently or discriminated against based on his race or disability. His complaint offers nothing to suggest a plausible discrimination claim—he, like any other person seeking representation from CLS in a fee-generating case, was directed to seek assistance elsewhere. There is also nothing to suggest that an opportunity to amend could cure these deficiencies. Accordingly, the district court properly dismissed with prejudice Phan's ADAAA, Rehabilitation Act, and § 1983 claims against CLS as legally frivolous and appropriately dismissed with prejudice his § 1981 claim as failing to state a claim upon which relief may be granted.

## CLAIMS AGAINST STATE FARM, ET AL.

In the next appeal, Appellate Case No. 18-1343, Phan challenges the district court's dismissal of his claims against State Farm Insurance Company, Kaiser Permanente, Dr. Peter Weingarten, Dr. Khoi Pham Duy, Patterson & Slag, P.C., Bachus & Schanker, LLC, Health First Colorado/Medicaid and CHP+DHS, Luke Medical Center, and Concentra Urgent Care. This matter concerns a 2012 car accident and the subsequent insurance dispute and medical treatment. Phan once again argues all named defendants discriminated against him based on his race and disability, in violation of the ADAAA, the Rehabilitation Act, and §§ 1981, 1983, 1985, and 1986. He further asserts State Farm violated Colorado's bad faith insurance practice statutes and, along with attorneys at Patterson & Slag, P.C.,

6

plotted to evade service of a state court lawsuit. He also claims Bachus & Schanker, LLC committed legal malpractice in his state court lawsuit, Health First Colorado/Medicaid violated the ADAAA in disrupting his Medicaid benefits, and Luke Medical Center and Concentra failed to provide him with needed medical care. In another comprehensive order, the district court properly dismissed all of Phan's claims without providing relief to amend and appropriately warned Phan that it "may impose appropriate sanctions if [he] persists in engaging in abusive litigation tactics by filing repetitive complaints raising the same claims for relief against the same Defendants." No. 18-1343 R. at 150 (Order of Dismissal, at 15).

In its § 1915 screening, the district court first dismissed Phan's claims against Kaiser Permanente, Dr. Weingarten, and Dr. Duy. About a year prior, Phan brought the same claims against the same defendants as he does now. In that case, *Phan v. State Farm*, No. 16-cv-02728-RBJ (D. Colo. May 10, 2017), the district court dismissed the claims for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine and incorporated by reference that holding in dismissing the claims reasserted in this case. Appropriately so. The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Phan cannot lose in state court and then expect a federal court to revisit the same claims again. *See id.* In that same vein, as the district court explained to Phan, he "may not use a new action to attempt to

7

resuscitate claims that have been resolved." No. 18-1343 R. at 139 (Order of Dismissal, at 4). Accordingly, the district court properly dismissed without prejudice the claims against Kaiser Permanente, Dr. Weingarten, and Dr. Duy for lack of subject-matter jurisdiction.

The district court next dismissed the claims against State Farm based on the doctrine of res judicata. "A district court's conclusions as to res judicata are conclusions of law and reviewable *de novo*." *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1237 (10th Cir. 1992). Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id.* at 1238. In both the present case and in *Phan v. State Farm*, No. 16-cv-02728-RBJ, Phan sued State Farm for denying his insurance claim stemming from the 2012 car accident. In the previous case, the court dismissed with prejudice Phan's claims against State Farm under the ADAAA and § 1983 as legally frivolous and dismissed his § 1981 claim for failure to state a claim upon which relief could be granted. Because "there was an identity of parties" and "a judgment on the merits" in the previous case, Phan is barred from relitigating those claims. *Clark*, 953 at 1238; *see Brooks v. Barbour Energy Corp.*, 804 F.2d 1144 (10th Cir. 1986) ("[A] dismissal with prejudice by order of the court is a judgment on the merits."). Phan is similarly barred by the doctrine of res judicata from bringing claims against State Farm under the Rehabilitation Act and §§ 1985 and 1986 for denying his insurance claim following the 2012 car accident. *See Clark*, 953 F.2d at 1238 (explaining that because "the doctrine of res judicata precludes

8

parties from relitigating issues that were or *could have been raised*, parties cannot defeat its application by simply alleging new legal theories" (emphasis added)). Phan has raised identical issues, factual arguments, and the same allegations of race- and disability-based discrimination in both cases. It follows that he knew of the same facts when he filed his earlier case against State Farm and thus could have brought his Rehabilitation Act and §§ 1985 and 1986 claims in the previous case and chose not to. Thus, the district court properly dismissed with prejudice all of Phan's claims against State Farm under the doctrine of res judicata.

The district court then dismissed Phan's § 1981 claims against Patterson & Slag, P.C., Bachus & Schanker, LLC, Luke Medical Center, and Concentra Urgent Care for failing to state a claim upon which relief may be granted. According to Phan, the law firm of Patterson & Slag, P.C. represented State Farm in two of Phan's state court cases and "intentionally harassed" and discriminated against Phan based on his race. No. 18-1343 R. at 39 (Compl., at 36). Phan also hired Bachus & Schanker, LLC to represent him in his suits against State Farm and American Family Insurance, but he alleges that his attorney conspired with the insurance companies against him. Similarly, Phan contends Luke Medical Center conspired and retaliated against him because he is an "Asian plaintiff [who] filed a lawsuit against American defendants," *id.* at 47 (Compl., at 44), and Concentra had his "name on [a] black list of the hospital system," *id.* at 50 (Compl., at 47). For a claim to survive a § 1915 screening, the plaintiff must offer more than mere conclusions and a list of legal theories—he must allege facts that could demonstrate a plausible claim. *See Hall*,

9

935 F.2d at 1110 ("[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."). As previously discussed, to plead a viable § 1981 claim, "the plaintiff must show: (1) that the plaintiff is a member of protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity." *Hampton*, 247 F.3d at 1101-02. Here, Phan has offered nothing more than allegations of a conspiracy against him based on his race. As the district court noted, if anything, the complaint merely shows Phan "disagrees with the medical Defendants' medical conclusions and the attorney defendants' approach to [Phan's] lawsuit regarding the car accident." No. 18-1343 R. at 144 (Order of Dismissal, at 9). Because Phan fails to offer more than mere conclusions and speculation, the district court properly dismissed without prejudice the § 1981 claims against Patterson & Slag, P.C., Bachus & Schanker, LLC, Luke Medical Center, and Concentra for failing to satisfy the pleading standards.

The district court next considered Phan's claims against Patterson & Slag, P.C., Bachus & Schanker, LLC, Luke Medical Center, and Concentra, dismissing them all as legally frivolous. Section 1983 requires state action, and Phan has not alleged any—Patterson & Slag, P.C., Bachus & Schanker, LLC, Luke Medical Center, and Concentra are all private, non-state entities and thus Phan's § 1983 claims against them are legally frivolous. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from

10

its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks omitted)). Likewise frivolous are Phan's §§ 1985 and 1986 claims against these defendants. Section 1985 concerns suits against those who conspire to deprive others of their civil rights and, as such, requires "that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 104-05 (1971); *see also Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Because Phan has no arguable basis for imputing invidious discrimination to any actions of the attorneys or medical providers, the district court properly dismissed with prejudice his § 1985 claims against Patterson & Slag, P.C., Bachus & Schanker, LLC, Luke Medical Center, and Concentra as legally frivolous. The frivolous nature of his § 1985 claims also inherently requires dismissal of his § 1986 claims against these defendants, as liability under § 1986 "is premised upon the existence of a valid Section 1985 claim." *Abercrombie v. City of Catoosa, Okla.*, 896 F.2d 1228, 1230 (10th Cir. 1990).

Phan fares no better with his disability-discrimination claims against Patterson & Slag, P.C., Bachus & Schanker, LLC, Luke Medical Center, and Concentra. Because he does not have an employment relationship with any of these defendants, Title I of the ADAAA does not apply; because none of these defendants is a public entity, Title II does not apply; and because Phan seeks monetary damages, Title III cannot provide the relief he seeks. *See Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004) (explaining the ADA "forbids discrimination against persons with disabilities

11

in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III"); *Nielsen v. Moroni Feed Co.*, 162 F.3d 604, 608 n.7 (10th Cir. 1998) ("The ADA enlarges the scope of the Rehabilitation Act to cover private employers, but the legislative history of the ADA indicates that Congress intended judicial interpretation of the Rehabilitation Act to be incorporated by reference when interpreting the ADA."). In any event, even if the ADAAA did apply, Phan once again only offers mere conclusions and allegations without any substance or rational explanation—that is not enough. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong. Recitation of a tale of apparent injustice may assist in that task, but it cannot substitute for legal argument."). The district court thus properly dismissed with prejudice Phan's claims under the ADAAA and the Rehabilitation Act as legally frivolous.

The district court next declined to exercise supplemental jurisdiction over the remaining state-law claims of medical malpractice, legal malpractice, and bad faith insurance practices against Patterson & Slag, P.C., Bachus & Schanker, LLC, Luke Medical Center, and Concentra because of the dismissals of the federal claims against these defendants. Here, we apply the abuse of discretion standard. *Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1172 (10th Cir. 2009). Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." Indeed,

12

we have directed courts that they should usually do so in these circumstances. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). Here, because all federal claims against these defendants were properly dismissed, the only remaining claims against them were rooted in state law. As such, we cannot say the district court abused its discretion in declining to exercise supplemental jurisdiction and dismissing the state-law claims without prejudice.

Lastly, the district court dismissed without prejudice the ADAAA and Rehabilitation Act claims against Health First Colorado/Medicaid based on Eleventh Amendment immunity. Phan does not address this issue in his brief on appeal, so we will not consider it. *See Utah Envtl. Cong. v. Bosworth*, 439 F.3d 1184, 1194 n.2 (10th Cir. 2006) ("An issue mentioned in a brief on appeal, but not addressed, is waived.").

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's orders dismissing *Phan v. Colo. Legal Servs.*, No. 1:18-CV-01403-LTB (D. Colo. June 19, 2018), and *Phan v. State Farm Ins. Co.*, No. 1:17-CV-03073-LTB (D. Colo. July 31, 2018).

Because Phan has failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised," *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotation marks omitted), we **DENY** his applications to proceed *in forma pauperis* on appeal and direct him to make full and immediate payment of all outstanding appellate filing fees in these matters.

13

Phan has also titled each of his briefs, "Appellant's Combined Opening Brief and Application for a Certificate of Appealability." If he thinks he needs a certificate of appealability to appeal these dismissals, he is mistaken. *See* 28 U.S.C. § 2253(c). We therefore **DENY AS MOOT** Phan's nominal requests for certificates of appealability.

Entered for the Court

Gregory A. Phillips
Circuit Judge