**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

REBECCA L. HEIZER,

        Plaintiff-Appellant,

v.

GERALD RAY SHEPHERD,
also known as G. Ray Shepherd,

        Defendant-Appellee.

No. 04-1308
(D.C. No. 99-F-2024-BNB)
(D. Colo.)

**ORDER**

Filed June 4, 2007

Before **O'BRIEN**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

On May 31, 2007, an Order and Judgment was filed in this matter. The court hereby withdraws the previous Order and Judgment and replaces it with an amended Order and Judgment issued simultaneously herewith. The amended decision reflects the addition of footnote one on page three.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk


By:
   Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

REBECCA L. HEIZER,

Plaintiff-Appellant,

v.

GERALD RAY SHEPHERD,
also known as G. Ray Shepherd,

Defendant-Appellee.

No. 04-1308
(D.C. No. 99-F-2024-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

Plaintiff Rebecca L. Heizer sought to enforce an agreement settling her case against defendant Gerald Ray Shepherd, filed in the wake of the dissolution of their business and personal relationship. She appeals the district court's denial of her motion to enforce the agreement and dismissal of the action. Exercising jurisdiction over Ms. Heizer's appeal pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

In October 1999, after the eight-year relationship between Ms. Heizer and Mr. Shepherd ended, Ms. Heizer brought suit seeking termination of the parties' business partnership, repayment of loans she made to Mr. Shepherd, recovery of personal property, and an award of exemplary damages, interest, and attorneys' fees. A magistrate judge held several settlement conferences and on June 7, 2001, less than two weeks before trial, the parties reached an agreement on the record. The parties, however, had difficulty reducing their agreement to writing. With additional intervention by the magistrate judge, they finally executed a settlement agreement effective May 16, 2002. The agreement required Mr. Shepherd to repay his indebtedness to Ms. Heizer by providing a $1,750,000 promissory note, secured by "first deeds of trust on real property owned by the Defendant." Aplt. App. at 104. As to her personal property, Ms. Heizer was to walk through the residence in the presence of counsel "to ascertain what, if any, items, may still be located at the residence." *Id*. at 107. The parties agreed to resolve the ownership of disputed items through arbitration. Ms. Heizer was also to return specifically enumerated items to Mr. Shepherd.

The parties continued to wrangle after signing the agreement. As security for the note, Mr. Shepherd offered three properties held in the name of a partnership in which he was the general partner with a 50% partnership interest. Ms. Heizer refused to accept these properties as collateral without reviewing the

underlying partnership agreements. And, for unexplained reasons, the walkthrough of the residence never took place. Ms. Heizer purchased the residence and Mr. Shepherd removed the remaining contents when he moved out. Ms. Heizer's attorney withdrew from the case, to be replaced by a series of attorneys.

Ms. Heizer filed a motion to enforce the settlement agreement, alleging that Mr. Shepherd had failed to deliver the appropriate collateral or return her personal items. The same magistrate judge who facilitated the settlement held an evidentiary hearing, taking testimony from both parties and the attorney who negotiated the agreement on Ms. Heizer's behalf.[1]

---

[1] We note a possible irregularity in having a magistrate judge actively conduct settlement proceedings, then serve as a factfinder in a dispute over the interpretation of the resulting agreement. *Cf. Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 448 (2d Cir. 2005) (finding no abuse of discretion in a magistrate judge's denial of an untimely recusal motion where his "knowledge of the Settlement Agreement arose solely from his judicial duty to oversee the settlement conference," and he "was not involved in the actual negotiations, but simply observed them and provided facilities to support the settlement"). In this case, however, plaintiff did not file a recusal motion, did not object to the magistrate judge's dual role in district court, and did not raise any related issues on appeal. Accordingly, we make no comment on the propriety of the procedure. *See Hardin v. First Cash Fin. Servs., Inc.*, 465 F.3d 470, 478 n.3 (10th Cir. 2006) (noting that an issue not properly raised in district court is waived on appeal); *Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999) (stating that "[t]his court . . . will not craft a party's arguments for him").

There were two major issues for the magistrate judge's consideration: (1) whether the tender of the partnership properties satisfied Mr. Shepherd's obligation to provide security and (2) whether the clause concerning arbitration of disputes over personal items was limited to a few specific items or included numerous other items claimed by Ms. Heizer. Generally, the magistrate judge found Mr. Shepherd to be a more credible witness than Ms. Heizer.

On the issue of security for the promissory note, the magistrate judge found that Ms. Heizer had specifically requested the offered properties as collateral even though she knew they were not held in Mr. Shepherd's name. He also determined that, at the time the settlement agreement was executed, Mr. Shepherd had the approval of the partnerships to pledge the property. The magistrate judge concluded that Ms. Heizer's refusal to accept the agreed-upon collateral during the term of the partnerships' approval constituted a breach of the agreement. According to the magistrate judge, this breach rendered Mr. Shepherd's performance impossible and relieved him of the obligation to provide any security.

Concerning the return of Ms. Heizer's "personal items," the magistrate judge concluded that "the term . . . as used in ¶6 of the Settlement Agreement is ambiguous." Aplt. App. at 69. To interpret the term, the magistrate judge looked to the testimony, the structure of the settlement agreement, the course of

-4-

settlement negotiations, and the parties' conduct. He ultimately credited Mr. Shepherd's statement that the parties' intention was to limit potential arbitration to the ownership of "'[a] plant, a sailfish, some antiques that were in the attic, a desk that was in the garage, and an antique table that was inside the house,'" and "'personal effects,'" such as "'clothing, a dental thing and something like that.'" Aplt. App. at 68 (quoting Shepherd testimony, *id.* at 227, lines 9-12). The magistrate judge also determined that Ms. Heizer's failure to conduct a timely inspection and itemization of her claimed personal items rendered any further performance of the provision impossible.

Accordingly, the magistrate judge recommended denial of Ms. Heizer's enforcement motion and dismissal of the action on the ground that Mr. Shepherd had not failed to perform any obligation imposed on him by the settlement agreement. Ms. Heizer objected, arguing that the magistrate judge's findings of fact were clearly erroneous and not supported by the evidence. After conducting a de novo review, the district court "adopt[ed] [the magistrate judge's] credibility findings in their entirety" because he "has had the opportunity to evaluate [the parties'] credibility throughout the history of this case, during numerous settlement conferences and the ultimate . . . settlement." Aplt. App. at 24. The district court also agreed with the magistrate judge's decision on the adequacy of the security and limitations on the scope of the term "personal items." The district court therefore entered judgment in favor of Mr. Shepherd. Ms. Heizer

has appealed, arguing primarily that the district court's factual findings are clearly erroneous.

## III.

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). Issues involving the enforceability of a settlement agreement are resolved by applying state contract law. *See United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000).

This court reviews a district court's decision to grant or deny a motion to enforce a settlement agreement for an abuse of discretion. *See Hardage*, 982 F.2d at 1495. Under this standard, the court will not disturb the decision unless it has a "definite and firm conviction that the [trial] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. This occurs when the district court . . . relies on clearly erroneous fact findings." *Bailey v. State Farm Fire and Cas. Co.*, 414 F.3d 1187, 1189 (10th Cir. 2005) (quotations and alterations omitted).

"A finding of fact is clearly erroneous if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made." *Tosco Corp. v. Koch Indus., Inc.*, 216 F.3d 886, 892 (10th Cir. 2000) (quotations omitted). This court must "be mindful that 'the resolution of factual issues and conflicting evidence

[is] solely within the province of the district court.'" *Plaza Speedway Inc. v. United States,* 311 F.3d 1262, 1270 (10th Cir. 2002) (quoting *Cowles v. Dow Keith Oil & Gas, Inc*., 752 F.2d 508, 511 (10th Cir. 1985)). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985). A factfinder's choice between two permissible views of the evidence cannot be clearly erroneous. *Id.* at 574.

## A.     Security provision

Concerning security for the promissory note, Ms. Heizer argues clear error in the district court's misapprehension that Mr. Shepherd actually "put[] up" the partnership properties and that Ms. Heizer had the option to "foreclose and sell the security if Mr. Shepherd fails to pay on the promissory note." Aplt. App. at 22. This misunderstanding, however, did not affect the district court's conclusion that the settlement agreement "did not have any additional requirement that Ms. Heizer actually approve . . . the designation of properties as security" and that, as a consequence, "whether Ms. Heizer accepted the properties as security is not material to the issue of whether Mr. Shepherd fulfilled the terms of the settlement." *Id.*

Because the district court's comment was not related to its assessment of material issues, it cannot constitute reversible error. *See United States v. Velarde,* 214 F.3d 1204, 1211 (10th Cir. 2000) (stating that error is harmless unless it affect party's substantial rights, such as errors with a "substantial influence on the outcome or which leaves one in grave doubt as to whether it had such an effect") (quotations and alterations omitted); *see also* Fed. R. Civ. P. 61 (prescribing harmless error analysis in rulings and orders in civil cases ). For similar reasons, it is unavailing for Ms. Heizer to argue that the magistrate judge mistakenly relied on her counsel's agreement with the general proposition that property of a party other than the debtor may be used to secure the payment of the note. Although the magistrate judge characterized counsel's statement as a concession, this consideration was not a substantial factor in the case outcome.

In sum, our review of the entire appellate record does not leave us "with the definite and firm conviction that a mistake has been made." *Tosco,* 216 F.3d at 892. Based on the facts presented, another factfinder may have resolved the issue differently. Nevertheless, we see no abuse of discretion in the district court's conclusion that Mr. Shepherd tendered appropriate collateral under the settlement agreement's security provisions, but Ms. Heizer refused to accept it.

**B.    Personal items provision**

Ms. Heizer asserts that the district court erred in crediting Mr. Shepherd's testimony on the parties' intent to limit the ambiguous term "personal items" to a

narrow list of personal property. She claims that the court improperly disbelieved her own testimony, along with the corroborating testimony of her attorney, that the term included a broad range of items, including artwork, jewelry, antiques, crystal, china, silverware, rugs, china, and books. Also, she argues that the district court unfairly faulted her for the lack of a walkthrough before Mr. Shepherd moved out of the residence.

Faced with conflicting testimony, the magistrate judge made credibility determinations in accord with the role of fact-finder. Based on the record as a whole, the district court's interpretation of the term "personal items" is a reasonable one. Its decision to relieve Mr. Shepherd of obligations under the provision because Ms. Heizer failed to make the walkthrough required by the agreement is also supported by the evidence. Under the deferential standard applicable to this court's review, we cannot say that the factual findings relevant to the definition of "personal items" are clearly erroneous.

IV.

The judgment of the district court is AFFIRMED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge

-9-