FILED
United States Court of Appeals
Tenth Circuit

November 1, 2011

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL MILLIGAN,

      Plaintiff–Appellant,

v.

LOU ARCHULETA; CHARLES
SANCHEZ; LANCE MIKLICH; KEVIN
FURTON,

      Defendants–Appellees.

No. 11-1218

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 11-CV-00250-LTB)**

---

Submitted on the briefs:[*]

Michael Milligan, pro se.

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

[*] After examining Plaintiff's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument.

Plaintiff Michael Milligan, a state prisoner, appeals from the district court's sua sponte dismissal of his § 1983 complaint against various Colorado prison officials who were allegedly involved in decisions affecting Plaintiff's prison employment.

Plaintiff alleges he worked for the prison's maintenance department plumbing crew for approximately seventeen months without incident.  In September 2010, however, Plaintiff's gate pass was pulled, which prevented him from accessing the areas in which the maintenance department was located.  Plaintiff was allegedly informed that all inmates assigned to work in these areas had been reevaluated for their potential escape risk following the August 22 escape of another inmate and that "out of the one-hundred-plus offenders assigned to and working in those areas the Plaintiff fit the profile and was designated as a potential escape risk."  (R. at 7.)  Plaintiff alleges he "was further informed that his job in the maintena[n]ce department had not been taken away from him, but he would not be allowed to go back to work or into the assigned area until after an additional security perimeter fence, razor wire, and detection system was installed."  (*Id.*) However, after he filed a grievance regarding his designation as a potential escape risk, the facility job board allegedly took his job away and placed him in vocational janitorial school.

In his complaint, Plaintiff raised an equal protection claim based on the pulling of his gate pass as well as a retaliation claim based on the loss of his job in the maintenance department.  The district court dismissed Plaintiff's complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.  In dismissing Plaintiff's equal protection claim, the

court noted that Plaintiff's complaint alleged he was "treated differently than inmates with higher custody levels, a prison escape history, longer sentences, or detainers from other states." (R. at 18.) The court then reasoned that it was "not clear that Mr. Milligan is similarly situated to other CTCF maintenance department inmates evaluated for their potential escape risk" (R. at 18) and, moreover, that Plaintiff could not "state an arguable claim that there are no relevant differences between himself and other inmates that reasonably might account for any different treatment" (R. at 19). The court therefore concluded that Plaintiff could not demonstrate that any distinction between himself and other similarly situated inmates was not reasonably related to some legitimate penological purpose. As for Plaintiff's retaliation claim, the court stated:

> Based on Mr. Milligan's allegations, it appears that the 'but for' cause for the withdrawal of his plumbing job and placement in the prison janitorial school was not because he filed a grievance but because he was re-evaluated as a potential escape risk. In any case, Mr. Milligan does not have a constitutional right to employment. *See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). Therefore, the retaliation claim must be dismissed.

(R. at 19.)

We generally review a district court's dismissal of a complaint for frivolousness under § 1915(e) for an abuse of discretion. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). "However, where the frivolousness determination turns on an issue of law, we review the determination *de novo*." *Id.* Dismissal for frivolousness "is only appropriate for a claim based on an indisputably meritless legal theory." *Id.* (internal quotation marks omitted).

-3-

Applying this standard, we hold that the district court erred in dismissing Plaintiff's complaint. With respect to Plaintiff's equal protection claim, we agree that the complaint was deficient because it did not plead facts sufficient to show that Plaintiff's classification as an escape risk lacked a rational basis or a reasonable relation to a legitimate penological interest. We are not persuaded, however, that amendment would necessarily be futile or that this claim was based on an indisputably meritless legal theory. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We therefore conclude that the district court erred in dismissing this claim sua sponte without permitting Plaintiff an opportunity to amend.

As for Plaintiff's retaliation claim, the complaint alleges Plaintiff was initially informed he would be able to return to his maintenance department job following the installation of additional security measures, but after he filed a grievance, he was instead permanently removed from this position. The district court thus erred in stating that Plaintiff's complaint indicated his job was taken away from him based on his reevaluation as a potential escape risk and not his filing of the grievance. Moreover, in ruling that this claim must be dismissed because Plaintiff did not have a constitutional right to employment, "the district court collapsed an important distinction between procedural due process claims and other sorts of constitutional claims." *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). The fact that Plaintiff does not have a constitutional right to employment would bar him from succeeding on a procedural due process claim, but it does not foreclose his retaliation claim arising from the loss of his prison job. *Id.*

-4-

"Retaliation may be actionable . . . even when the retaliatory action does not involve a liberty interest." *Allah v. Seiverling*, 229 F.3d 220, 224 (3d Cir. 2000); *see also Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990) ("[W]hile a prisoner enjoys no constitutional right to remain in a particular institution and generally is not entitled to due process protections prior to such a transfer, prison officials do not have the discretion to punish an inmate for exercising his first amendment rights by transferring him to a different institution." (internal quotation marks omitted)). The district court thus erred in concluding that Plaintiff's retaliation claim was frivolous because he has no constitutional right to employment.

We **REVERSE** the district court's order of dismissal and **REMAND** for further proceedings in accordance with this opinion. Plaintiff's motion to proceed *in forma pauperis* on appeal is **GRANTED**. Appellant is reminded of his obligation to make partial payments of the filing fee until paid in full.