Anthony L. JIMENEZ, Sr., Sui Juris, Plaintiff–Appellant,

v.

FOURTH JUDICIAL DISTRICT AT-TORNEY'S OFFICE, et al., c/o Dan May (District Attorney, Official Capacity; Jeannie Smith (Administrative/Individual), d/b/a/ Jeannie Smith (Former District Attorney); Edward Samuel Colt, (Administrative/Individual), d/b/a Edward Samuel Colt, (16304) (District Court Judge, Official); Theresa M. Cisneros (Administrative/Individual), d/b/a Theresa M. Cisneros (District Court Judge, Official), Defendants–Appellees.

No. 16–1239

United States Court of Appeals, Tenth Circuit.

FILED August 29, 2016

Anthony L. Jimenez, Sr., Pro Se.

Before BRISCOE, GORSUCH and McHUGH, Circuit Judges.

## ORDER AND JUDGMENT *

Mary Beck Briscoe, Circuit Judge

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Anthony Lolin Jimenez, Sr., appearing pro se, is serving a Colorado sentence for second degree murder and being an accessory to a crime. He appeals the district court's dismissal of his civil action against various Colorado officials. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

### I

Jimenez has filed various unsuccessful direct and collateral challenges to his convictions in both Colorado and federal court. In this action, Jimenez styled his complaint as a request that the district court issue "show cause" orders to various state officials.[1] See ROA at 29–30 (Amended Complaint). The purpose of these orders was to obtain discovery of documents, or to reveal the absence of documents, in order for him to challenge his convictions or to pursue civil damages based on alleged violations of his constitutional rights.

Jimenez alleged that: (1) the Colorado court was without jurisdiction to convict him because his crimes of conviction occurred in the Pike National Forest; (2) the judges who presided over his state-court proceedings failed to file their oaths of office with the Secretary of State and thereby lacked authority; and (3) various Colorado officials generated and sold financial securities based on his criminal case.

In district court, Jimenez applied for and was granted in forma pauperis status to proceed with his claim without prepayment of fees pursuant to 28 U.S.C. § 1915. Section 1915 requires, in part, that district courts "dismiss the case at any time if the court determines that ... the action or appeal is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2)(B). The district court dismissed Jimenez's action as frivolous, and he now appeals.

### II

We review a district court's dismissal of a complaint for frivolousness under § 1915(e) for an abuse of discretion, while reviewing underlying issues of law de novo. Milligan v. Archuleta, 659 F.3d 1294, 1296 (10th Cir. 2011).

As a preliminary matter, we address our subject matter jurisdiction. The district court docketed Jimenez's complaint as a prisoner civil rights suit under 42 U.S.C. § 1983, the typical mechanism by which individuals may seek relief in federal court for the violation of federal rights by state actors. But according to

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1. Jimenez named the following the defendants: Colorado's Fourth Judicial District Attorney's Office, Jeanne Smith (former prosecutor), Judge Edward Samuel Colt (state district court judge), and Judge Theresa Cisneros (state district court judge). The individuals were named in their official capacities.

Jimenez, this action was not brought "for a civil rights violation," and it is "not a challenge to the conviction [ ]or sentence cognizable in a 28 U.S.C. § 2254" petition, but rather it is a request for "show cause" orders.[2] Aplt. Br. at 4. However, if this is neither an action to enforce federal civil rights nor a collateral attack on his conviction, it is not clear how we have subject matter jurisdiction—we do not have general jurisdiction to resolve discovery disputes between states and their citizens. Despite his statement that this is not a suit for civil rights violations, Jimenez's complaint expressly invoked 42 U.S.C. § 1985, which grants a right of action against certain civil rights conspiracies. Moreover, Jimenez's pleadings make clear that he seeks to enforce his federal rights against state actors. Therefore, construing his pro se pleadings liberally, we interpret Jimenez's complaint as alleging causes of action under §§ 1983 and 1985.

■ Turning to the substance of Jimenez's claims, he first argues that Colorado courts have no criminal jurisdiction in the Pike National Forest, and therefore had no jurisdiction to convict him for crimes he committed there. Jimenez is incorrect. The statute governing the creation and administration of the National Forests states:

The jurisdiction, both civil and criminal, over persons within national forests shall not be affected or changed by reason of their existence, except so far as the punishment of offenses against the United States therein is concerned; the intent and meaning of this provision being that the State wherein any such national forest is situated shall not, by reason of the establishment thereof, lose its jurisdiction, nor the inhabitants thereof their rights and privileges as citizens, or be absolved from their duties as citizens of the State.

16 U.S.C. § 480. This statute was originally enacted in 1897, and Pike National Forest was created in 1905. Act of June 4, 1897, 30 Stat. 36 (1987); A Proclamation By the President of the United States of America, 34 Stat. 3029 (1905), Act of March 4, 1907, 34 Stat. 1269 (1907). Additionally, Jimenez has not provided us with any indication that Colorado has intentionally ceded criminal jurisdiction to the United States in this area, or that the United States accepted that jurisdiction contrary to 16 U.S.C. § 480. See People v. Sullivan, 151 Colo. 434, 378 P.2d 633, 636 (1963) (noting that ceding exclusive criminal jurisdiction to the United States requires affirmative state action, and that states cannot force the United States to accept exclusive jurisdiction) (citing Silas Mason Co. v. Tax Commission, 302 U.S. 186, 58 S.Ct. 233, 82 L.Ed. 187 (1937)). There is no dispute that Jimenez's crimes occurred in the Pike National Forest, entirely within the Fourth Judicial District of Colorado. ROA at 20, 54.[3] The district court therefore did not abuse its discretion to dismiss this claim as frivolous.

■ Jimenez next argues that the Colorado judges who presided over his case did not have authority because they failed to file their oaths of office with the Colorado Secretary of State in accordance with Colorado law. He claims the failure to comply with this procedure violates Article VI of the United States Constitution, deprived him of Due Process, and violates Colorado's constitution. First, Article VI only

---

**2.** Jimenez has another appeal pending, seeking leave to file a second or successive habeas petition, proceeding under Case No. 16–1284.

**3.** On appeal, Jimenez focuses on whether he has Article III standing to sue. But even if he has standing, the merits of his argument challenging the criminal jurisdiction of the Colorado courts fail.

requires oaths of *federal* officials, not state officials. U.S. Const. art. VI. Second, we are aware of no authority which would support a claim that this type of technical error in a state judicial appointment is a violation of Due Process. And third, as the Colorado district court pointed out in his state-court collateral proceedings, Colorado has determined that judges who fail to file their oaths of office are not stripped of their authority. People v. Stanley, 170 P.3d 782 (Colo. App. 2007) ("District court judges are required by art. XII, § 9 of the Colorado Constitution to 'file their oaths of office with the secretary of state.' ... However, ... when a public officer signs a valid oath of office but misses the deadline for filing the oath with the secretary of state, the officer still possesses the authority to carry out his or her duties as a de facto officer."). The district court therefore did not abuse its discretion in dismissing this claim as frivolous.

■ Finally, Jimenez claims that "the Fourth Judicial District ... took out a mortgage loan[ ] for prosecution" of the charges against him, and then "converted [Jimenez] into the principal obligor/surety of the loan that inevitably defaulted." ROA at 25. He demands that Colorado be forced to produce documents related to these securities, despite various state agencies' communications to him that they have no records responsive to this issue, so that he may challenge his conviction on grounds that officials had ulterior financial motives to convict him. According to Jimenez, there is a publicly-traded security that he believes is "associated" with his criminal case. On appeal, he takes issue with the district court's conclusion that the federal Freedom of Information Act (FOIA) and Privacy Act of 1974 do not apply to his request for documentation from Colorado officials, and its refusal to exercise jurisdiction over a claim that officials violated the Colorado Open Records Act. He argues that his suspicions justify "a show cause to reveal the [d]efendants['] security interest." Aplt. Br. at 5–i. We agree with the district court. FOIA and the Privacy Act govern document requests of federal agencies, not state agencies. 5 U.S.C. §§ 551(1), 552, 522a. Further, we agree with the district court that Jimenez has failed "to allege specific facts that support an arguable claim that his federal rights have been violated." ROA at 148. While he has put forth sufficient facts that a security does exist with the SEC identification number he has identified, he failed to allege any facts connecting that security to his case, other than stating broadly that he discovered it was "associated." The district court did not abuse its discretion to dismiss this claims as frivolous.

### III

■ The judgment of the district court is affirmed. The pending motion to proceed without prepayment of costs or fees is denied.[4] Because we affirm the district court's conclusion that Jimenez's suit was frivolous, this disposition qualifies as a "strike" toward the three-strike limit contained in 28 U.S.C. § 1915(g).

---

4. See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). The district court did so here. ROA at 49.