FILED
United States Court of Appeals
Tenth Circuit

March 5, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DUMISAI HOCKADAY,

    Plaintiff - Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS,

    Defendant - Appellee.

No. 18-1075
(D.C. No. 1:17-CV-02991-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Pro se Colorado state prisoner Dumisai Hockaday appeals the district court's

dismissal of his amended complaint alleging that the Colorado Department of

Corrections (CDOC) violated Title II of the Americans with Disabilities Act (ADA),

42 U.S.C. § 12132.  Also, he seeks leave to proceed in forma pauperis (IFP) on

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal of the complaint but grant the motion to proceed IFP.

## I.    BACKGROUND

After reviewing Mr. Hockaday's original complaint, the district court directed him to file an amended complaint, instructing him, among other things, that to state a Title II ADA claim, he "must allege facts to show that he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities because of a covered disability."  R. at 42.  He then filed an amended complaint alleging that he is a qualified individual with a disability based on his diagnosis of degenerative joint disease in both knees.  It further alleged that prison officials denied him the following benefits and services:  "the benefits of independence, safety, avoided stigma, and humiliation[,] . . . [and] any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefits, or service."  *Id.* at 52 (capitalization and emphasis omitted).  And it alleged that he suffered "continued pain, discomfort, instability (buckling) of both knees, and worsening gait" "as a result of CDOC's denial of "federally mandated 'services.'"  *Id.* (capitalization and emphasis omitted).[1]  He attached a statement of medical/housing restrictions showing that he was prescribed braces, medically

---

[1] Mr. Hockaday asserted in his amended complaint that he also received a no-stairs restriction and that he was transferred to a different prison facility that, unlike his former placement, did not require him to use stairs to access the library, main exercise and recreation areas, and certain living units.  He does not raise any appellate issues concerning the no-stairs restriction.

necessary shoes or shoe inserts, and orthopedic shoe inserts.  The amended complaint sought the following relief:  "originally approved reasonable accommodations to be acquired and furnished without delay," arrangement for "physical therapy or other follow-up medical treatment," and an award of "all aid, benefits, or services of a jail, detention and correctional facilities, and community correctional facilities," as well as compensatory and punitive damages.  *Id.* at 56 (capitalization, emphasis, and ellipsis omitted).

Reviewing the amended complaint under 28 U.S.C. § 1915, the district court dismissed it as legally frivolous.

## II.    STANDARD OF REVIEW

Because Mr. Hockaday proceeds pro se, his pleadings are construed liberally. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).  The attachments to his amended complaint may be considered in determining whether he stated a claim. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). "We generally review a district court's dismissal of a complaint for frivolousness under § 1915(e) for an abuse of discretion."  *Milligan v. Archuleta*, 659 F.3d 1294, 1296 (10th Cir. 2011). But if "the frivolousness determination turns on an issue of law, we review the determination *de novo.*"  *Id.* (internal quotation marks omitted).  A district court may dismiss an action under § 1915(e) as frivolous "only if it lacks an arguable basis either in law or in fact.  In other words, dismissal is only appropriate for a claim based on an indisputably meritless legal theory and the frivolousness determination cannot serve as a factfinding process for the resolution of disputed facts."  *Fogle v.*

3

*Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (citations and internal quotation marks omitted).

## III. DISCUSSION

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *see also* 28 C.F.R. § 35.152(b)(1) ("Public entities shall ensure that qualified inmates or detainees with disabilities shall not, because a facility is inaccessible to or unusable by individuals with disabilities, be excluded from participation in, or be denied the benefits of, the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity."). Title II of the ADA applies to inmates in state prisons. *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998).

To withstand dismissal on a Title II ADA claim, "the plaintiff must allege that (1) [he] is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Cohon ex rel. Bass v. N.M. Dep't of Health*, 646 F.3d 717, 725 (10th Cir. 2011) (internal quotation marks omitted). One way to establish a Title II ADA discrimination claim is to show that a public entity "fail[ed] to make a reasonable accommodation." *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016). The ADA requires a public entity to provide a reasonable accommodation

4

"when it knows that the individual is disabled and requires an accommodation . . . to participate in or receive the benefits of its services." *Id.* at 1299 (internal quotation marks omitted).

Even assuming Mr. Hockaday adequately alleged that he is a qualified individual with a disability, his filings failed to meet the other requirements for a Title II ADA claim. Liberally construing his pleadings as alleging that the prison failed to provide him accommodations in the form of braces, medically necessary shoes or shoe inserts, and orthopedic shoe inserts, Mr. Hockaday did not identify any services, programs, or activities he was denied as a result of not having these accommodations. His allegations that he was denied independence, safety, avoided stigma, and humiliation do not adequately state a Title II ADA violation. Nor does his general allegation that he was "limited. . . in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefits, or service." R. at 52 (capitalization and emphasis omitted).

In his appellate brief, Mr. Hockaday makes new allegations not included in his district-court filings. He now alleges that he must perform his job as a visitation/lobby porter while enduring knee pain because he has not received the approved ADA equipment and that he is unable to enjoy the yard/gym without the approved gear. He does not identify where he raised these claims in the district court, however, and our review of the amended complaint reveals that he did not. Further, he does not argue for the application of plain-error review on appeal. Therefore, even if these claims allege that he was denied the benefits of a service,

5

program, or activity—a question we do not decide—we decline to review them. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130-31 (10th Cir. 2011).

Moreover, Mr. Hockaday's claim of "continued pain, discomfort, instability (buckling) of both knees, and worsening gait," R. at 52 (capitalization and emphasis omitted), do not allege a Title II ADA claim for denial of services, programs, or activities. Rather, this claim and his request for "physical therapy or other follow-up medical treatment," *id.* at 56, indicate disappointment with the medical treatment he was provided. But "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1022 (9th Cir. 2010), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016); *accord Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (concluding that the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners," noting that the prisoner did not complain "of being excluded from some prison service, program, or activity, for example an exercise program that his paraplegia would prevent him from taking part in without some modification of the program"); *cf. Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (prison doctor's recommendation to do nothing to treat the plaintiff's injuries was a "purely medical decision[]" that did not fall within the ADA's scope).

## IV. CONCLUSION

We grant Mr. Hockaday's request for leave to file a supplemental appellate brief. We deny his request, filed on September 17, 2018, to rule in his favor and

grant other relief based on CDOC's failure to file a response brief in this appeal. CDOC is not a party to this case because the amended complaint was dismissed before process was served on CDOC. *Cf. Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("We are unable to enter a judgment against parties who are not listed in the complaint, were not served notice of the lawsuit and are not properly before the court.").

We affirm the dismissal by the district court. We grant Mr. Hockaday's motion to proceed IFP. The relevant IFP statute, 28 U.S.C. § 1915(a)(1), does not permit litigants to avoid payment of filing and docketing fees, only *prepayment* of those fees. Since we have reached the merits of this matter, prepayment of fees is no longer an issue. Though we have disposed of this matter on the merits, Mr. Hockaday remains obligated to pay all filing and docketing fees. We direct the continued partial payments from his prison account until the full appellate filing fee is paid to the district court.

Entered for the Court

Harris L Hartz
Circuit Judge