FILED
United States Court of Appeals
Tenth Circuit

April 19, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KENT VU PHAN,

    Plaintiff - Appellant,

v.

LEWIS T. BABCOCK, Judge; GORDON
P. GALLAGHER, Judge,

    Defendants - Appellees.

No. 18-1493
(D.C. No. 1:18-CV-03163-CMA)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Unhappy with the outcome of his district court proceedings, pro se Plaintiff-

Appellant Kent Vu Phan has filed suit against two federal judges.[1] Specifically, Phan

contends United States District of Colorado Judge Lewis T. Babcock and United

States District of Colorado Magistrate Judge Gordon P. Gallagher adjudicated his

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Phan proceeds pro se, we liberally construe his pleadings; we will not, however, serve as his advocate or craft legal arguments on his behalf. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

cases improperly thereby violating his rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); the Americans with Disabilities Act (ADA), as amended by the ADA Amendments Act of 2008 (ADAAA), 42 U.S.C. § 12101 *et seq.*; the Rehabilitation Act, 29 U.S.C. §§ 504 and 794; and 42 U.S.C. §§ 1983 and 1981. In a well-reasoned and cogent order, the district court dismissed Phan's complaint as both legally frivolous and seeking damages from defendants who are immune from liability. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Whenever a plaintiff seeks to proceed *in forma pauperis*, as Phan has done here, 28 U.S.C. § 1915(e)(2)(B) requires the district court judge to screen the complaint and dismiss it if "the action or appeal . . . is frivolous or malicious . . . or seeks monetary relief against a defendant who is immune from such relief." A district court properly dismisses a complaint as frivolous "only if it lacks an arguable basis in either law or in fact. In other words, dismissal is only appropriate for a claim based on an indisputably meritless legal theory and the frivolousness determination cannot serve as a factfinding process for the resolution of disputed facts." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (citations and internal quotation marks omitted). Where, as here, "the frivolousness determination turns on an issue of law, we review the determination *de novo*." *Milligan v. Archuleta*, 659 F.3d 1294, 1296 (10th Cir. 2011) (internal quotation marks omitted).

Judges are entitled to absolute immunity, with "only two exceptions this rule: (1) when the act is not taken in the judge's judicial capacity, and (2) when the act,

though judicial in nature, is taken in the complete absence of all jurisdiction." *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (alterations and internal quotation marks omitted). Neither exception is at issue here. Therefore, Judges Babcock and Gallagher are entitled to absolute immunity in their handling of Phan's cases before them and Phan's claims against them are legally frivolous. Accordingly, the district court properly dismissed with prejudice the complaint against them.

For the foregoing reasons, we **AFFIRM** the district court's order of dismissal. Further, because Phan has failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (internal quotation marks omitted), we **DENY** his application to proceed *in forma pauperis* on appeal and direct him to make full and immediate payment of all outstanding appellate filing fees.

Phan has also titled his brief, "Appellant's Combined Opening Brief and Application for a Certificate of Appealability." If he thinks he needs a certificate of appealability to appeal the dismissal, he is mistaken. *See* 28 U.S.C. § 2253(c). We therefore **DENY AS MOOT** Phan's nominal requests for certificates of appealability.

Entered for the Court

Gregory A. Phillips
Circuit Judge

3