FILED
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 3, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DELANO MEDINA,

    Plaintiff - Appellant,

v.

JENNIFER MURPHY; REBEKAH
RYAN; JR HALL,

    Defendants - Appellees.

No. 24-1029
(D.C. No. 1:23-CV-02241-LTB-SBP)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Delano Medina appeals the district court's dismissal of his pro se complaint

filed under 42 U.S.C. § 1983 as frivolous or for failure to state a claim.  Exercising

jurisdiction under 28 U.S.C. § 1291, we hold that Mr. Medina improperly brought his

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claim under § 1983 when it was cognizable only in a habeas corpus action.  We remand to the district court to vacate its judgment and dismiss without prejudice.

## I.  BACKGROUND

Mr. Medina is a prisoner in the custody of the Colorado Department of Corrections ("CDOC").  His amended complaint against three Colorado state officials asserted a procedural due process violation under § 1983.  He alleged that CDOC inaccurately computed his parole eligibility date ("PED") and therefore denied him timely consideration for parole.  He further alleged that a Colorado statute creates a presumption that parole would be granted in his case.

A magistrate judge dismissed Mr. Medina's complaint as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii), holding that Mr. Medina failed to plead deprivation of a due process liberty or property interest. The magistrate judge said Mr. Medina had no liberty interest in a specific PED because parole is discretionary under Colorado law.  She also noted that, to the extent Mr. Medina's claim could be construed as seeking immediate or speedier release, it must be brought in a habeas corpus action rather than under § 1983.

Mr. Medina objected to the magistrate judge's Recommendation, contending he had pled a due process liberty interest in an accurate PED and consideration for parole.  He argued that, although parole is discretionary in Colorado, consideration for parole is not.  He further contended that, with the correct PED, Colorado law affords him both parole consideration and a statutory presumption of parole, and thus the granting of parole in his case is not discretionary.  Finally, Mr. Medina argued he

2

could sue under § 1983 because he was seeking declaratory and injunctive relief to invalidate state procedures used to deny parole eligibility.

The district court summarily overruled Mr. Medina's objections, accepted and adopted the Recommendation, and entered judgment dismissing his complaint.

## II. DISCUSSION

We generally review the dismissal of a complaint as frivolous under § 1915(e)(2)(B)(i) for an abuse of discretion. *Milligan v. Archuleta*, 659 F.3d 1294, 1296 (10th Cir. 2011). "However, where the frivolousness determination turns on an issue of law, we review the determination *de novo*." *Id.* (quotations omitted). We review de novo the dismissal of a complaint for failure to state a claim under § 1915(e)(2)(B)(ii). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Because Mr. Medina proceeds pro se, we construe his filings liberally but we do not act as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

We need not decide whether Mr. Medina sufficiently pled a due process liberty interest because we construe his complaint as seeking immediate or speedier release from confinement. His claim is therefore cognizable only in a habeas corpus action, as the district court alternatively held.[1]

---

[1] We note, however, that this court has rejected in unpublished decisions Colorado prisoners' assertions of a protectible liberty interest in a correctly calculated PED. *See Fetzer v. Raemisch*, 803 F. App'x 181, 185 (10th Cir. 2020) (unpublished) ("[A]bsent an overarching right to parole, the mere fact that the process used to determine a PED is (allegedly) nondiscretionary is insufficient to create a liberty interest that the Due Process clause protects."); *Baars v. Raemisch*, 814 F. App'x 376, 377-78 (10th Cir. 2020)

(continued)

A state prisoner may challenge the conditions of his confinement in a § 1983 civil rights action. *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). A prisoner may challenge the execution of his sentence in a habeas corpus petition under 28 U.S.C. § 2241. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011); *Boutwell*, 399 F.3d at 1210 n.2. A state prisoner's "sole federal remedy is a writ of habeas corpus" when he "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

Thus, courts must "ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). A prisoner may not bring a § 1983 claim that seeks "'core' habeas corpus relief, *i.e.*, where a state prisoner requests present or future release." *Id.* He must instead seek habeas relief after fully exhausting state remedies. *See id.* at 79 ("[H]abeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not.").

---

(unpublished) (same). *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

In *Duncan v. Gunter*, 15 F.3d 989, 990 (10th Cir. 1994), for example, the plaintiffs brought a § 1983 action claiming that they were wrongfully denied earned-time credits that would have entitled them to release. Although the plaintiffs did not seek an injunction explicitly ordering their release, we held their request "for an injunction requiring the Colorado Attorney General to inform DOC of the changes in the state law, and advise DOC to conform to the statutes which govern" could be brought only in a habeas action because "the requested order would be tantamount to a decision on the plaintiffs' entitlement to a speedier release." *Id.* at 991 (brackets and quotations omitted).

In contrast, the Supreme Court held that the plaintiffs' parole-related claims in *Wilkinson* were cognizable under § 1983 because they "*would not necessarily* spell immediate or speedier release." 544 U.S. at 81. These plaintiffs sought to "render invalid the state procedures used to deny parole eligibility . . . and parole suitability." *Id.* at 82. But success on their claims would mean, at most, either speedier consideration for parole or a new parole hearing where release remained discretionary. *See id.* Thus, these prisoners could pursue § 1983 claims because the connection between the constitutionality of their parole proceedings and their release from confinement was "too tenuous" for habeas to be their sole avenue of relief. *Id.* at 78.

In this case, the connection between Mr. Medina's constitutional claim regarding calculation of his PED and his release from confinement is not so tenuous. In his amended complaint, he sought a corrected PED and an order to schedule a

5

parole hearing. ROA at 53. Although he acknowledged that parole is discretionary under Colorado law, *id.*, he also alleged that a Colorado statute created a presumption of parole in his case, *id.* at 56, 61. Based on this statutory presumption, his parole will not be discretionary. *See* ROA at 81 (arguing in objections to Recommendation that parole is not discretionary in his case due to the statutory presumption of parole); Aplt. Br. at 10 (referencing "a statutory right to release from prison"); *id.* at 12 (arguing there is mandatory statutory language and an absence of parole discretion in his case); *id.* at 14 (arguing he has "a legitimate expectation of parole"); *id.* at 16 (asserting that "defendants[] are now wrongfully detaining him"); *id.* at 17 (arguing that, if his PED had been corrected, he "would have been paroled").

Thus, according to Mr. Medina's description of his claim, he attacks not only "wrong procedures" but also "the wrong result"—the denial of parole. *Wilkinson*, 544 U.S. at 80 (quotations omitted). As in *Duncan*, granting his requested relief "would be tantamount to a decision on [his] entitlement to a speedier release." 15 F.3d at 991 (quotations omitted). As such, Mr. Medina must use habeas corpus rather than § 1983, where, as here, he "seek[s] to invalidate the duration of [his] confinement . . . *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81. The district court should have dismissed Mr. Medina's complaint without prejudice rather than reaching the merits. *Cf. Boyce v. Ashcroft*, 251 F.3d 911, 913, 918 (10th Cir.) (affirming dismissal without prejudice of prisoner's § 2241 petition challenging a

6

condition of confinement that could not be raised in a habeas petition), *vacated as moot*, 268 F.3d 953 (10th Cir. 2001).

## III.  **CONCLUSION**

We remand to the district court to vacate its judgment and dismiss, without prejudice, Mr. Medina's complaint as incorrectly filed under § 1983.  We grant Mr. Medina's motion to proceed on appeal without prepayment of costs and fees.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge