**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**November 13, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

EMILY COHEN,

     Plaintiff - Appellant,

v.

STEPHEN HOWARD, in his official
capacity as District Court Judge;
DINSMORE TUTTLE, in her official
capacity as District Court Judge;
MICHAEL DOUGHERTY, in his official
capacity as District Attorney; ADAM
KENDALL, in his official capacity as
Deputy District Attorney; KATHLEEN
SINNOTT; GREGORY LYMAN, in his
official capacity as District Court Judge;
JANEL BRAVO, in his official capacity as
State ADA Coordinator; JEFF WEEDEN,
an individual; KATHLEEN SINNOTT, an
individual; ROB WERKING, an
individual; MARY CLAIRE MULLIGAN,
an individual; R.CHRISTIAN GRIFFIN,
an individual,

     Defendants - Appellees.

No. 24-1202
(D.C. No. 1:23-CV-02104-LTB-SBP)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **EID**, **KELLY**, and **ROSSMAN**, Circuit Judges.[**]

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of

_____

Plaintiff-Appellant Emily Cohen appeals from the district court's order that her amended complaint be dismissed against her former criminal defense attorneys, Defendants-Appellees Jeff Weeden, Kathleen Sinnott, Rob Werking, Mary Claire Mulligan, and R. Christian Griffin. Cohen v. Howard, No. 23-cv-02104-LTB-SBP, 2024 WL 2138088, at *1 (D. Colo. May 10, 2024). Ms. Cohen contends that these defendants were acting in concert with state officials to deny her accommodations and access to the state courthouse. She contends that her attorneys discouraged her from bringing her service dog to court and agreed not to press ADA claims or request reasonable accommodations on her behalf. Cohen v. Howard, 1:23-cv-02104-LTB-SBP, Amended Complaint at ¶¶ 40, 42–45, 48–49, 53 (ECF No. 15) (Dec. 8, 2023). The district court dismissed the ADA Title II claims against these defendants as frivolous and with prejudice. 28 U.S.C. § 1915(e)(2)(B)(i); see also Cohen, 2024 WL 2138088, at *1. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

On appeal, Ms. Cohen challenges the dismissal asserting that her ADA claim against these defendants has a factual and legal basis. She further challenges the district court's denial of leave to appeal in forma pauperis without prejudice to renewing her request before this court and certifying that the appeal was not taken in good faith. 28 U.S.C. § 1915(a)(3). Finally, she contends that the district court abused its discretion in not considering her disabilities in its disposition.

_____

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

2

We review the district court's dismissal of the complaint as frivolous for an abuse of discretion, unless the determination turns on an issue of law, in which case our review is de novo.  Milligan v. Archuleta, 659 F.3d 1294, 1296 (10th Cir. 2011). A pro se complaint is frivolous where it lacks an arguable basis in law or fact.  Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006).  Although Ms. Cohen appears pro se and has been disbarred, she has legal training, and we need not afford her pleadings liberal construction as we do with other pro se litigants.  Cohen v. Hartman, No. 23-1364, 2024 WL 4234967 at *1 n.1 (10th Cir. Sept. 19, 2024).

Title II of the ADA applies to public entities and prohibits discrimination against qualified individuals with disabilities insofar as providing or operating public services, programs, or activities.  42 U.S.C. § 12132; Tennessee v. Lane, 541 U.S. 509, 517 (2004).  Only public entities are subject to this provision.  See City & Cnty. of San Francisco v. Sheehan, 575 U.S. 600, 610 (2015).  While it may be possible to name an individual defendant, it would only be in that person's official capacity, which is in reality a suit against the public entity.  Everson v. Leis, 556 F.3d 484, 501 n.7 (6th Cir. 2009); Reyes v. Jensen, 857 F. App'x 436, 439 (10th Cir. 2021) (unpublished).  Though defense attorneys, whether in private practice or public defenders, are obligated to comply with a court's professional norms, they are not the court.  See Polk County v. Dodson, 454 U.S. 312, 318–19 (1981) (explaining that like private attorneys, public defenders serve in an adversarial role and do not act under color of state law).

Ms. Cohen relies upon United States v. City & County of Denver, 943 F. Supp. 1304 (D. Colo. 1996), but that case did not name an individual defendant. Her other case, Leslie v. Hee Man Chie, 250 F.3d 47 (1st Cir. 2001), a Rehabilitation Act case, involved a recipient of federal funding subject to its non-discrimination provisions. 29 U.S.C. § 794(a). The district court correctly dismissed the ADA claim against the criminal defense attorneys with prejudice. Ms. Cohen argues that her Title II ADA claim against these defendants should not have been dismissed because the district court declined to exercise supplemental jurisdiction over her legal malpractice claims. We disagree: the claims are separate and distinct.

Insofar as the claim that the district court abused its discretion in declining to grant leave to appeal in forma pauperis, we note that this court upon motion makes an independent evaluation. Fed. R. App. P. 24(a)(5); Coppedge v. United States, 369 U.S. 438, 445 (1962). That said, we review a district court's decision to deny in forma pauperis status for an abuse of discretion. Lister v. Dep't of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). What is required is a financial inability to pay the filing fee and a reasoned, non-frivolous argument on appeal. DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). Here, the district court made the determination without a motion after reviewing Ms. Cohen's objections to the magistrate judge's recommendation. In light of the issues raised on appeal, we find no abuse of discretion and will deny in forma pauperis status based upon the lack of a reasoned, non-frivolous argument on appeal.

4

Finally, Ms. Cohen argues that the district court: (1) refused to consider the affect of her dyslexia on her ability to read and write, (2) refused disability accommodations, and (3) claimed that symptoms of disability were part of a purposeful failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Nowhere does she indicate where this occurred with specific examples tending to prove such a point, let alone where she raised this issue.  Like any litigant, Ms. Cohen is responsible for an accurate, concise rendition of the facts to allow a court to draw a reasonable inference that a defendant can be held legally responsible.  Cf. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  We have reviewed the magistrate judge's recommendation and the district court's order and find a measured, patient, and record-based disposition.

AFFIRMED.  We DENY the renewed request to appoint counsel and DENY IFP status.  The request for an exception to the copying requirement regarding the brief and appendix, see 10th Cir. R. 30.1(A)(2), 31.5 & ECF No. 40, is now moot, copies having been made by the court.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

5